**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ATLANTIC CASUALTY**
**INSURANCE COMPANY,**

    Plaintiff,

v.                                             **Case No: 8:18-cv-02803-MSS-TGW**

**INNOVATIVE ROOFING SYSTEMS, INC.**
**and RAIRIGH CONSTRUCTION**
**MANAGEMENT, INC.**

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court upon consideration of Plaintiff Atlantic Casualty Insurance Company's Motion for Final Default Judgment Against Defendant, Innovative Roofing Systems, Inc., (Dkt. 14), and Plaintiff and Defendant Rairigh Construction Management, Inc.'s Joint Stipulation to be Bound by Final Declaratory Judgment, (Dkt. 13-1), both of which were filed on February 13, 2019. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion for Final Default Judgment Against Defendant, Innovative Roofing Systems, Inc. (Dkt. 14)

    **I.**    **BACKGROUND**

On November 14, 2018, Plaintiff (hereinafter, "ACIC") filed a Complaint for Declaratory Relief against Defendant Innovative Roofing Systems, Inc. (hereinafter, "Innovative") and Defendant Rairigh Construction Management, Inc., (hereinafter, "Rairigh"). (Dkt. 1) The Complaint centers around an insurance policy issued by ACIC to

1

Innovative, number L083004980-0, which included Commercial General Liability coverage effective from February 9, 2009 through February 9, 2010 (hereinafter, "ACIC Policy"). (Id. at ¶ 22; Dkt. 1-3) ACIC seeks "a declaration that no coverage is afforded under ACIC's commercial general liability insurance policy" for claims that have been asserted by Rairigh against Innovative in an underlying third-party construction defects action pending in state court. (Dkt. 1 at ¶ 1) Additionally, ACIC seeks a declaration that it "has no duty to defend Innovative or to indemnify it for any damages which may be awarded against it in that action." (Id.) (emphasis omitted)

This insurance coverage dispute arises out of a case pending in the Circuit Court of Hillsborough County, Florida against several defendants, including Rairigh, in which Marbella Terrace Homeowners Association, Inc. seeks damages for construction defects and deficiencies regarding the design and construction of the Marbella Terrace Townhomes (hereinafter "Marbella action"). (Id. at ¶¶ 13–14); see also Marbella Terrace Homeowners Association, Inc. v. Marbella Terrace, LLC, et al, Case No. 2016-CA-009626. On February 13, 2017, Rairigh filed a third-party complaint seeking damages from Innovative based on the Parties' "contract . . . for the performance of roofing work at Marbella Terrace Townhomes." (Dkt. 1 at ¶ 17); see also Marbella Terrace Homeowners Association, Inc., Case No. 2016-CA-009626 at Filing No. 52425370. Specifically, Rairigh alleges "that based upon the allegations asserted in the [Marbella action], the work performed by Innovative 'is defective and has resulted in damage to other work and/or property at the Townhome Project.'" (Id. at ¶ 18) (citing Dkt. 1-2 at ¶ 221)

Innovative was served with the Summons and Complaint in this matter on January 15, 2019. (Dkt. 10) To date, Innovative has not filed an Answer or other responsive

pleading in this case. Consequently, on February 11, 2019, ACIC sought and obtained a Clerk's Default against Innovative. (Dkts. 11, 12) ACIC now seeks entry of a final judgment of default pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Rule 55"). (Dkt. 14) As of the date of this Order, Innovative has not filed a response to the Motion for Default Judgment.

As to Rairigh, ACIC avers in the Complaint that it is "named as a defendant in this action only to the extent that it is considered a necessary or potentially interested party [and] ACIC seeks no relief from Rairigh other than to bind it to the outcome of this coverage dispute." (Dkt. 1 at ¶ 12) On February 13, 2019, ACIC and Rairigh jointly filed a Stipulation to be Bound by Final Declaratory Judgment, (Dkt. 13-1), in which Rairigh agrees to "be bound by any final declaratory judgment of this Court regarding ACIC's coverage obligations with respect to the underlying *Marbella* action." (Id. at ¶ 3) Based upon Rairigh's agreement to be bound as reflected in the Parties' stipulation, ACIC seeks to "voluntarily dismisses Rairigh from this action without prejudice." (Id. at ¶ 4)

## II.  LEGAL STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, to enter a default judgment, there must be a sufficient basis in the pleadings to support the relief sought. On a motion for default judgment, the Court accepts the facts alleged in the Complaint as true. Fed. R. Civ. P. 55(b)(2). By defaulting, a defendant is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact for the purposes of liability." Coton v. Televised Visual X-Ography, Inc., 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)); Nishimatsu Constr. Co. v.

3

Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[1] ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only in so far as it is supported by well-pleaded allegations, assumed to be true."). However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). "In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Id.

### III. ANALYSIS

#### A. ACIC Policy Coverage Determination

Based upon the allegations in the Complaint and the facts and circumstances giving rise to or supporting those allegations, ACIC alleges that (1) it owes no duty to defend or indemnify Innovative under the ACIC Policy for Commercial General Liability insurance in connection with the claims asserted against Innovative by Rairigh in the underlying action and (2) coverage is excluded by the ACIC Policy for the damages Rairigh seeks from Innovative in the underlying action. (Dkt. 14)

After reviewing the Complaint and the subject Policy, the Court finds that there are provisions, limitations, exclusions and/or endorsements in the ACIC policy that operate to preclude coverage for Innovative with respect to the claims Rairigh asserts against it. (Dkt. 1 at ¶¶ 22–31) Accordingly, ACIC is entitled to final judgment in its favor.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

Under Florida law, "'an insurance policy is treated like a contract, and therefore ordinary contract principles govern the interpretation and construction of such a policy.'" Hassoun v. Reliastar Life Ins. Co., 288 F. Supp. 3d 1334, 1352 (S.D. Fla. 2018) (quoting Pac. Emp'rs Ins. Co. v. Wausau Bus. Ins. Co., No. 3:05-cv-850-J-32TEM, 2007 WL 2900452, at *4 (M.D. Fla. Oct. 2, 2007) (citing Graber v. Clarendon Nat'l Ins. Co., 819 So.2d 840, 842 (Fla. 4th DCA 2002))). "'[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision.'" Philadelphia Indem. Ins. Co. v. Fla. Mem'l Univ., 307 F. Supp. 3d 1343, 1347 (S.D. Fla. 2018) (quoting Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So.2d 528, 532 (Fla. 2005)). "It is only 'when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction,' that such an ambiguity will be construed in favor of coverage." Id. (quoting Taurus, 913 So.2d at 532). "The mere fact that an insurance provision is 'complex' or 'requires analysis' does not make it ambiguous." S.-Owners Ins. Co. v. Easdon Rhodes & Assocs. LLC, 872 F.3d 1161, 1164 (11th Cir. 2017) (quoting Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla. 2003)). Instead, "[a] policy provision 'is considered ambiguous if the relevant policy language is susceptible to more than one reasonable interpretation.'" Ayers v. State Farm Mut. Auto. Ins. Co., No. 617CV1265ORL37TBS, 2018 WL 3059969, at *2 (M.D. Fla. June 20, 2018) (quoting James River Ins. Co. v. Ground Down Eng'g, 540 F.3d 1270, 1274 (11th Cir. 2008)).

"[A]n insurer's duty to defend is determined solely by the allegations in the underlying complaint." Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 314 F. Supp. 3d 1284, 1291 (M.D. Fla. 2018) (citing Category 5 Mgmt. Grp., LLC v. Companion Prop. & Cas.

5

Ins. Co., 76 So.3d 20, 23 (Fla. 1st DCA 2011); Lawyers Title Ins. Corp. v. JDC (Am.) Corp., 52 F.3d 1575, 1580 (11th Cir. 1995)). "The actual facts of the situation are not relevant, such that 'the insurer must defend even if facts alleged are actually untrue or legal theories unsound.'" Id. at 1299 (quoting Lawyers Title Ins. Corp., 52 F.3d at 1580). In determining whether an obligation to defend exists, a court may not consider any evidence or testimony outside the four corners of the complaint against the insured. Auto Owners Ins. Co. v. Travelers Cas. & Sur. Co., 227 F.Supp.2d 1248, 1258 (M.D. Fla. 2002) (even where "actual facts developed in the discovery process or otherwise show that there is potential coverage under the insurance policy, the duty to defend is not triggered") (quotations omitted); see also Chicago Title Ins. Co. v. CV Reit, Inc., 588 So.2d 1075, 1076 (Fla. 4th DCA 1991) ("conclusions drawn by the insured based upon a theory of liability that has not been pled" do not trigger coverage).

An insurer's duty to indemnify, on the other hand, "must be determined by analyzing the policy coverage in light of the actual facts in the underlying case." Zurich 314 F. Supp. 3d at 1299 (citation omitted). "[A]n insurer is only obligated to indemnify its insured for the portion of a judgment or settlement attributable to a covered claim." Id. (citing Highland Holdings, Inc. v. Mid–Continent Cas. Co., No. 8:14-cv-1334-T-23TBM, 2016 WL 3447523, at *2 (M.D. Fla. June 23, 2016)). Thus, "'the duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims.'" Diamond State Ins. Co. v. Boys' Home Ass'n, Inc., 172 F. Supp. 3d 1326, 1342 (M.D. Fla. 2016) (citation omitted); see also Fid. Nat. Prop. & Cas. Co. v. Boardwalk Condo. Ass'n, Inc., No. 3:07CV278/MCREMT, 2010 WL 1911159, at *7 (N.D. Fla. May 12, 2010) ("[T]he duty to indemnify is not ripe for adjudication in a declaratory

judgment action until there is a factual determination that the [insured] is liable in the underlying suit."). However, since "the duty to defend is much broader than the duty to indemnify . . . a court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify." Phila. Indem. Ins. Co. v. Yachtsman's Inn Condo Ass'n, 595 F. Supp. 2d 1319, 1322–23 (S.D. Fla. 2009) (citations omitted); see also Fun Spree Vacations, Inc. v. Orion Ins., 659 So. 2d 419, 421 (Fla. 3d DCA 1995).

The Complaint in the underlying Marbella action alleges numerous defects indicating "that the roof in question was a membrane roof and that heat application was used during installation." (Dkt. 13 at 8) Specifically, the underlying complaint alleges (1) "[e]xcessive bleedout of the modified bitumen caused by overheating during installation which reduces the service life of the roof membrane on the flat roofs;" (2) "[c]racking of the roofing membrane;" and (3) "[r]oof membrane separation from parapet creating an opening at the base of the parapet and the low side of the roof on the flat roof." (Id. at 7–8); see also (Dkt. 1-1 at ¶ 25) The ACIC policy at issue contains a "Roofing Limitation Endorsement" which states:

> We do not cover claims, loss, costs or expense arising out of 'bodily injury[,]' 'personal injury' or 'property damage' as a result of any operations, from initial inspection and pre-installation work to ongoing operations and ***including completed operations, involving any hot tar, wand, sprayed or sprayed-on material, torch or heat applications, hot membrane roofing or any membrane roofing system requiring heat application***.

(Dkt. 1-4) (emphasis added). The endorsement clearly and unambiguously excludes from coverage any claim or loss arising out of "property damage" as a result of any operations involving "any hot tar, wand, sprayed or sprayed-on material, torch or heat applications, hot membrane roofing or any membrane roofing system requiring heat application." (Id.) Notably, Innovative expressly agreed to this limitation on the date the policy commenced

7

as evidenced by the signed Roofing Limitation Endorsement. (Id.) Therefore, the ACIC policy does not provide coverage for the claims asserted against Innovative by Rairigh in the underlying action, and ACIC has no duty to defend or indemnify Innovative in connection with these claims.

Rairigh has stipulated to "be bound by any final declaratory judgment of this Court regarding ACIC's coverage obligations with respect to the underlying *Marbella* action," (Dkt. 13-1 at ¶ 3), and ACIC has accepted the stipulation as sufficient for its purposes and have agreed to dismiss Rairigh from this action. Accordingly, Rairigh is **DISMISSED**.

## IV. CONCLUSION

Upon consideration and review, the Court hereby **ORDERS**:

1. Plaintiff Atlantic Casualty Insurance Company's Motion for Final Default Judgment Against Defendant, Innovative Roofing Systems, Inc., (Dkt. 14), is **GRANTED**.

2. The **CLERK** is directed to enter **FINAL JUDGMENT** in favor of Plaintiff and against Defendant Innovative Roofing Systems, Inc. as follows:

    a. Plaintiff Atlantic Casualty Insurance Company owes no duty to defend or indemnify Defendant Innovative Roofing Systems, Inc. under its policy of insurance issued by Plaintiff in connection with the claims asserted by Defendant Rairigh Construction Management, Inc. against Defendant Innovative Roofing Systems, Inc. in the underlying third-party construction defects action.

    b. Plaintiff Atlantic Casualty Insurance Company's policy excludes coverage to Defendant Innovative Roofing Systems, Inc. in

connection with the underlying action or any final judgment against Defendant Innovative Roofing Systems, Inc., entered therein.

3. In light of Plaintiff and Defendant Rairigh Construction Management, Inc.'s Joint Stipulation to be Bound by Final Declaratory Judgment, (Dkt. 13-1), Defendant Rairigh Construction Management, Inc. is hereby **DISMISED WITHOUT PREJUDICE**.

4. Atlantic Casualty Insurance Company and Rairigh Construction Management, Inc. will bear their own attorneys' fees and costs incurred in this action pursuant to the Parties' stipulation, (Dkt. 13-1).

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of September, 2019.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person